**DICKINSON WRIGHT PLLC**
Justin J. Bustos (State Bar No. 10320)
JBustos@dickinsonwright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Telephone: 775-343-7503
Facsimile: 844-670-6009

**HUNTON ANDREWS KURTH LLP**
Emily Burkhardt Vicente (*admitted pro hac vice*)
ebvicente@HuntonAK.com
JeeHyun Yoon (*admitted pro hac vice*)
jyoon@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant
ABF FREIGHT SYSTEM, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACKIE MARQUIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ABF FREIGHT SYSTEM, INC.,<br><br>　　　　　Defendant. | Case No.: 3:23-CV-00315-LRH-CLB<br>**ORDER GRANTING CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c) and subject to the Court's approval, this Confidentiality Agreement and Stipulated Protective Order ("Stipulation and Order") is entered into by and between Plaintiff Jackie Marquis ("Plaintiff") and Defendant ABF Freight System, Inc. ("Defendant") to facilitate the production of confidential, proprietary and/or private information during the course of discovery and pretrial proceedings in this action (the "Action").

## I. DEFINITIONS

1. **Challenging Party**. A Party that challenges the designation of Discovery Material as "Confidential" under this Stipulation and Order.

2. **Confidential Discovery Material**. Any Discovery Material (regardless of how it is generated, stored or maintained) designated as "Confidential" pursuant to the terms of this Stipulation and Order.

3. **Designating Party**. Any Party or Non-Party who designates information or items for protection pursuant to the terms of this Stipulation and Order.

4. **Discovery Material**. Any information provided in the course of discovery in this Action, including, but not limited to, information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, and tangible things.

5. **Inadvertently Disclosed Information**. Information subject to a claim of attorney client privilege, attorney work product protection, or other applicable privilege, that a Producing Party inadvertently discloses to a Receiving Party in this Action.

6. **Non-Party**. Any person or entity that is not a Party to the Action.

7. **Party**. Any named Party to the Action.

8. **Producing Party**. A Party or Non-Party that produces Discovery Material in the Action.

9. **Receiving Party**. A Party that receives Discovery Material from a Producing Party in the Action.

10. **Exhibit A**. The Non-Disclosure Agreement annexed as Exhibit A hereto.

## II. SCOPE

11. The protections conferred by this Stipulation and Order cover not only Confidential Discovery Material (as defined above), but also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

## III. DESIGNATING DISCOVERY MATERIAL

12. Any Producing Party may designate as "Confidential" Discovery Material that the Party or non-Party believes in good faith consists of:

   (a) any personal information of a sensitive nature regarding any individual;
   (b) proprietary information;
   (c) personnel-related information;
   (d) sensitive business information;
   (e) information constituting or relating to trade secrets;
   (f) personal and business financial information;
   (g) financial information not otherwise available or disclosed to the public;

(h) business plans and strategies, formulation, or research information, marketing plans, commercial information or trade secrets not otherwise available or disclosed to the public;

(i) projections or analyses;

(j) studies or analyses by internal or outside experts, attorneys or consultants;

(k) competitive analyses;

(l) organizational development and planning;

(m) marketing plans and strategies;

(n) pricing of goods and services;

(o) financial, tax, or accounting information;

(p) any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. or foreign privacy, data protection or secrecy laws; or

(q) any other category of information hereinafter given confidential status by the Court.

13. Notwithstanding the foregoing, nothing in this Stipulation and Order is intended to concede that any of the categories listed above are relevant or discoverable and nothing herein shall prejudice in any way any Party's or non-Party's objection to, or position concerning, production of the foregoing types of information.

14. Each Designating Party will engage in reasonable effort to limit any such designation to specific material that qualifies under this Stipulation and Order and the appropriate legal standards. To the extent it is practical to do so, the Designating Party will designate for protection only those parts of Discovery Material, that qualify for such protection. Mass, indiscriminate, or routinized designations are prohibited.

15. With respect to the "Confidential" portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such

portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion of the Discovery Material in a manner that will not interfere with legibility or audibility.

16. With respect to deposition transcripts and exhibits, a Designating Party or its counsel may indicate on the record at the deposition or within 30 days of receipt of the final deposition transcript that the transcript, or a portion thereof, contains "Confidential" information. Transcripts containing "Confidential" testimony shall have a conspicuous legend printed on the title page indicating that the transcript contains "Confidential Information" and on each subsequent page that contains information designed as "Confidential" pursuant to the terms of this Stipulation and Order. Any designation of confidentiality of deposition and/or deposition exhibits, is subject to the other provisions of this Agreement and Order.

17. If prior to the trial in this Action, a Designating Party realizes that some portion(s) of Discovery Material that the Party previously produced without limitation should be designated as "Confidential," it may so designate the Discovery Material by apprising the other Party in writing, and such designated portion(s) of Discovery Material will thereafter be treated as "Confidential" pursuant to the terms of this Stipulation and Order. Inadvertent failure to designate Discovery Material as "Confidential" will not waive confidentiality, but the Receiving Party retains the right to challenge such designation pursuant to the procedure set forth in this Stipulation and Order.

IV.     **ACCESS TO AND USE OF CONFIDENTIAL DISCOVERY MATERIAL**

18. Any person subject to this Stipulation and Order who receives from any Producing Party Discovery Material that is designated as "Confidential" shall not disclose such Confidential Discovery Material except as expressly permitted herein. A Receiving Party may use Confidential Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only in connection with this litigation. Such Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order.

19. Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

20. No person subject to this Stipulation and Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

(a) A Receiving Party, who may share Confidential materials with her/its own officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(b) in-house counsel of a party and outside counsel retained specifically for this Action, including any paralegal, clerical, or other assistant or staff member employed by such counsel and assigned to this matter so long as such person is advised of the obligations under, and agrees to be bound by, this Stipulation and Order;

(c) the document's author, its addressee, any person indicated on the face of the document as having received a copy, and any person reasonably and in good faith believed to have received a copy in the ordinary course of business or otherwise;

(d) deponents, or witnesses in this Action, and their counsel, to whom disclosure is reasonably necessary in good faith for this litigation during or in specific preparation of the witness for deposition and provided they acknowledge and agree to be bound by the terms of this Stipulation and Order;

(e) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including consulting experts provided they are specifically advised of and agree to be bound by the obligations under this Stipulation and Order;

(f) court reporters, and other professional vendors to whom disclosure is reasonably necessary for this Action;

(g) the Court and its support personnel;

    (h) any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution regarding this Action; and

    (i) any other person agreed upon in advance by all Parties to the Action in writing or on the record or any person as to whom the Court directs should have access.

  21. Before disclosing any Confidential Discovery Material to any person identified in subparagraph IV.20(d), (e), (h) or (i) above, counsel shall provide such person with a copy of this Stipulation and Order and such person shall sign the Exhibit A hereto. Such counsel shall retain each signed Exhibit A.

  22. If a Receiving Party learns that it has disclosed Confidential Discovery Material to any person not authorized to receive such information by this Stipulation and Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosure; (ii) use best efforts to retrieve or destroy all copies of the Confidential Discovery Material produced without authorization; (iii) inform the person(s) to whom unauthorized disclosure was made of the terms of this Stipulation and Order; and (iv) request that such person(s) either return or destroy the Confidential Discovery Material inadvertently disclosed to them or, if appropriate under the terms of this Stipulation and Order, execute Exhibit A.

  23. This Stipulation and Order does not prohibit a Producing Party's use of its own Confidential Discovery Material for any purpose.

## V. CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

  24. If a Party or Outside Counsel of a party is served with a subpoena or a court order issued in other litigation that seeks to compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party or their Outside Counsel must:

    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Stipulation and Order. Such notification shall include a copy of this Stipulation and Order; and

          (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Discovery Material may be affected.

25.    If the Designating Party timely seeks a protective order, the Party or Outside Counsel of a Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party or Outside Counsel has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### VI. A NON-PARTY'S CONFIDENTIAL DISCOVERY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

26.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

### VII. FILING CONFIDENTIAL DISCOVERY MATERIAL

27.    Confidential Discovery Material filed with the Court, and portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with Local Rule IA 10-5 and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. Any party may challenge such sealing in accordance with applicable law. Any motion regarding filing confidential information and motions to seal will comply with the

requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

## VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

28. A Party may object to the designation of Discovery Material as "Confidential" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(a) **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity (at least five (5) business days) to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

29. If the challenge cannot be resolved without judicial intervention, the Party asserting the challenge may apply to the Court for relief. During the pendency of the challenge, the Discovery Material subject to the challenge shall continue to be treated as "Confidential." The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

## IX.   NO WAIVER

30.   If a Producing Party inadvertently discloses to a Receiving Party information subject to a claim of privilege or other protection, such disclosure alone shall not constitute or be deemed a waiver or forfeiture of any such claim with respect to the Inadvertently Disclosed Information.

31.   If a Producing Party makes a claim of inadvertent disclosure, the Parties shall comply with the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B).

32.   The return, sequester or destruction of any Inadvertently Disclosed Information shall not in any way preclude the Receiving Party from moving the Court for an order compelling production of the Inadvertently Disclosed Information. Prior to filing any such motion, however, the Parties shall first attempt in good faith to resolve the dispute and, if an agreement cannot be reached, the Receiving Party shall move to compel production of the Inadvertently Disclosed Information. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.

## X.   IMMEDIATE AND CONTINUING EFFECT

33.   This Stipulation and Order shall become effective among the Parties immediately upon its execution, and shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Action.

34.   A Producing Party may request, within 60 days of the final disposition of the Action (including the time for appeal and resolution of all appeals), that the Receiving Party take reasonable steps to return to the Producing Party or destroy (at the Receiving Party's discretion), all Confidential Discovery Material produced by the Producing Party, including but not limited to records of Plaintiff's psychological treatment produced in this lawsuit, unless prohibited by applicable law or Court Order from doing so. The Receiving Party shall comply

with the foregoing within sixty (60) days of a proper request by the Producing Party. Counsel may retain a copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Confidential Discovery Material. Any such retained information remains subject to the terms of this Stipulated Protective Order.

SO STIPULATED AND AGREED.

DATED: November 15, 2023

**DICKINSON WRIGHT PLLC**

By: /s/ Justin J. Bustos
Justin J. Bustos

Attorneys for Defendant
ABF FREIGHT SYSTEM, INC.

DATED: November 15, 2023

**HUNTON ANDREWS KURTH LLP**

By: _____
Emily Burkhardt Vicente

Attorneys for Defendant
ABF FREIGHT SYSTEM, INC.

DATED: 11/15, 2023

**MARK MAUSERT LAW**

By: _____
Mark Mausert

Attorneys for Plaintiff
JACKIE MARQUIS

**ORDER**

The Court will only retain jurisdiction over this protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.

IT IS SO ORDERED.

DATED:  November 16 ,2023

_____
UNITED STATES MAGISTRATE JUDGE

## Exhibit A

*Marquis v. ABF Freight System, Inc.*
**United States District Court, District of Nevada**
Case No. 3:23-CV-00315-LRH-CLB

### NON-DISCLOSURE AGREEMENT

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare that:

1. Information, including documents and things, designated as "Confidential" as defined in the Stipulation and Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the District of Nevada for enforcement of the Protective Order.

5. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge or arbitrator.

Signed at _____, _____, this _____, day of _____, 20__.

_____
Signature